# State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:    September 17, 2015          D-63-15
_____

In the Matter of MUFEED W.
    SAID, a Suspended Attorney.
                                        MEMORANDUM AND ORDER
                                              ON MOTION
(Attorney Registration No. 4307666)

_____


Calendar Date:   September 9, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                        _____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Alison M. Coan of counsel), for Committee on Professional
Standards.

        Mufeed W. Said, Richmond, Virginia, pro se.


                        _____


Per Curiam.

        Mufeed W. Said was admitted to practice by this Court in
2005.  He is also admitted to practice in Virginia, where he was
admitted in 1998 and maintains an office for the practice of law.
He was suspended by this Court, effective March 3, 2014, due to
his failure to comply with the attorney registration requirements
(Matter of Attorneys in Violation of Judiciary Law § 468–a, 113
AD3d 1020, 1050 [2014]).  Nevertheless, Said is current with his
registration and he has paid all outstanding fees.[1]

        By order entered June 29, 2012, the Virginia State Bar
Disciplinary Board found that, with respect to 13 separate

        _____

        [1]  Said's separate application for reinstatement is
currently pending before this Court.

clients, Said was guilty of failing to act with reasonable diligence, failing to maintain reasonable communication and failing to safekeep client property in violation of Rules 1.3 (a), 1.4 (a), 1.15 (a), (c) and (e) of the Virginia Rules of Professional Conduct. Upon the Board's acceptance of the agreed-upon disposition, it was determined that Said would receive a public reprimand with various terms including, among other things, completion of various educational programs and continuing legal education courses. On October 30, 2013, Said was notified by the Virginia State Bar that, inasmuch as he had complied with the terms of the order, the disciplinary matter was closed.

As a result of the discipline imposed in Virginia, the Committee on Professional Standards moves for an order imposing discipline pursuant to this Court's rules (see Rules of App Div, 3d Dept [22 NYCRR] § 806.19). Said submitted a response where he did not raise any of the available defenses (see Rules of App Div, 3d Dept [22 NYCRR] § 806.19 [d]). At his request, we have heard him in mitigation.

Upon consideration of all the facts and circumstances, including the discipline imposed in Virginia, Said's compliance with the terms and conditions of that order and his explanations for his misconduct, we grant the Committee's motion and conclude that Said should be censured in this state (see e.g. Matter of Nimmer, 112 AD3d 1137, 1138 [2013]; Matter of Vega, 106 AD3d 1188, 1188 [2013]; Matter of Lawler, 40 AD3d 1205, 1206 [2007]; Matter of Weissman, 32 AD3d 1150 [2006]).

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the motion of the Committee on Professional Standards is granted; and it is further

ORDERED that Mufeed W. Said is censured.


ENTER:

Robert D. Mayberger
Clerk of the Court